In re Petition for DISCIPLINARY AC-TION AGAINST Carol Sue MERLIN, an Attorney at Law of the State of Minnesota.

No. C4–96–1201.

Supreme Court of Minnesota.

July 1, 1996.

### ORDER

Based upon the application of the Director of the Office of Lawyers Professional Responsibility, pursuant to Rule 12(c)(1), Rules on Lawyers Professional Responsibility, and upon evidence that respondent, Carol Sue Merlin, cannot be found in the state or served personally with the petition for disciplinary action,

IT IS HEREBY ORDERED that respondent is suspended from the practice of law. Respondent has 1 year from the date of the filing of this order to move for vacation of the order for suspension and for leave to answer the disciplinary petition.

BY THE COURT:

/s/ Alan C. Page
Alan C. Page
Associate Justice

In re Petition for DISCIPLINARY AC-TION AGAINST Katayoun MOHAM-MAD–ZADEH, an Attorney at Law of the State of Minnesota.

No. C9–96–1078.

Supreme Court of Minnesota.

July 3, 1996.

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Katayoun Mohammed–Zadeh has committed unprofessional conduct, namely failing to pursue two related immigration matters for husband and wife clients and misrepresenting the status of the matter to the husband by providing to him an altered document which purported to show a filing she had not made; and

WHEREAS, respondent admits the allegations of the petition, and although stating that had the matter been litigated, she would have presented evidence to attempt to show mitigation, she has waived the rights she has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend that respondent be suspended from the practice of law for 60 days pursuant to Rule 15, that she comply with Rule 16, that she pay costs of $750 pursuant to Rule 24(a), that the requirement that she successfully complete the professional responsibility examination be waived and that she may be reinstated following the expiration of the suspension provided that, at least 15 days prior to the expiration of the suspension period, she files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that she is current with continuing legal education requirements and has fully complied with Rules 24 and 26; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the agreed to discipline,

IT IS HEREBY ORDERED that respondent Katayoun Mohammad–Zadeh is suspended from the practice of law for 60 days and may be reinstated only upon compliance with the conditions set out above, as agreed to by the parties.

BY THE COURT:

/s/ Alan C. Page
Alan C. Page
Associate Justice